People v Sabis (2026 NY Slip Op 50394(U))

[*1]

People v Sabis

2026 NY Slip Op 50394(U) [88 Misc 3d 1240(A)]

Decided on March 26, 2026

City Court Of Utica, Oneida County

Giruzzi, J.

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 26, 2026
City Court of Utica, Oneida County

People of the State of
New York

againstDerek J. Sabis, Defendant.

Docket No. CR-3578-24

Todd C. Carville, Esq., Oneida County District Attorney, Utica (Andrew K. Rahme,
Esq., of counsel), for the PeopleRicardo J. Mauro, Esq., for the Defendant 

F. Christopher Giruzzi, J.

On or about June 19, 2024, the Defendant was charged with Unlawful Imprisonment in the
Second Degree pursuant to Penal Law § 135.05. The Defendant was arraigned on the charge
on August 1, 2024, and entered a plea of not guilty.
The People filed a Certificate of Compliance (CoC) and Statement of Readiness (SoR) on
September 19, 2024. On November 4, 2024, the People filed a Supplement CoC and SoR. On
April 10, 2025, an omnibus motion was filed by the Defendant, seeking to invalidate the People's
CoC and dismiss the charge pursuant to CPL § 30.30. On April 14, 2025, the People filed a
responding affirmation in opposition. This Court issued a decision on April 17, 2025, denying
the Defendant's motion. Following the Defendant's filing of a motion to renew on April 21, 2025,
this Court issued a decision on May 9, 2025, denying the relief requested.
The Court held oral arguments on various pre-trial issues on December 8, 2025. The Court
requested the parties submit additional motions to supplement their arguments.
The Defense filed their supplemental motion on January 15, 2026. On February 12, 2026, the
People filed a responsive affirmation in opposition to the relief requested by the Defendant. On
February 19, 2026, the Defendant filed an affirmation in further support of his arguments.
The issues for the Court to consider include:
1. Whether the People's Certificate of Compliance and Supplemental Certificate
of Compliance should be invalidated; and2. Whether the
Court should preclude the People from admitting post-incident text messages between the
complainant and the Defendant.Now, upon consideration of the written
submissions and oral arguments, the Court finds as follows:
First, the Court will address the People's contention that the Defendant's motion should be
disregarded as improper. Specifically, the People argue that, since the Court denied Defendant's
first motion to dismiss on the same issue, the Court should consider the most recent filing a
motion to renew pursuant to CPLR § 2221(e). The People maintain the Defendant's [*2]motion does not meet the requirements of the statute.
CPLR § 2221(e) states:
(e) A motion for leave to renew:
1. shall be identified specifically as such;2. shall be
based upon new facts not offered on the prior motion that would change the prior determination
or shall demonstrate that there has been a change in the law that would change the prior
determination; and3. shall contain reasonable justification for the
failure to present such facts on the prior motion.The Court finds this section
inapplicable to the Defendant's most recent motion to dismiss, as the Court specifically requested
the parties file supplemental motions following oral arguments held on December 8, 2025. The
Court accepted the Defendant's filing at its direction.
Even if the Court deems Defendant's filing a motion to renew, it finds the motion appropriate
given statutory changes effective August 7, 2025, that could ultimately affect the Court's previous
decision. CPLR § 2221(e)(2). The requirements of the statute are met where the latest
motion is based on a new statute taking effect while the case is still before the court. See
Siegel & Connors, New York Practice § 449 (6th ed. 2018).
Therefore, the Court finds the Defendant's instant motion proper and rejects the People's
arguments on that issue.I. Motion to Invalidate the People's
Certificate of Compliance
Next, the Defendant moves to invalidate the People's Certificates of Compliances (CoCs)
filed September 19, 2024, and November 4, 2024, based on the People's failure to timely disclose
discoverable information.
Specifically, the Defense highlights various pieces of missing discovery, including:
1. Contact information for Utica Fire Department members who appeared on scene;
and2. Contact information for a homeowner approached by the
complainant.The Court, in its decision dated April 17, 2025, found these items
to not be discoverable.
The People maintain they have complied with their discovery requirements and ask the Court
to deny the Defense's motion.
a. Discovery Amendments
Effective August 7, 2025, various statutory changes to CPL § 245 took effect, codifying
the Court of Appeals' decision in People v. Bay, where the Court found the burden rests
on the People to demonstrate diligent efforts to determine the existence of automatic discovery
materials and then disclose all information subject thereto. People v. Bay, 41 NY3d 200 (2023).
Specifically, the legislature added CPL § 245.50(5), which requires the Court to
consider the totality of the People's efforts to comply with their discovery obligations, as opposed
to the People's efforts to obtain each individual discoverable item.
§ 245.50(5)(a) details the factors the Court should consider when assessing the People's
due diligence:
• Efforts made to comply by the People;•
Volume of discovery;• Complexity of the
case;• Whether the People knew the belatedly disclosed or
missing material existed;• The People's reason for belated
disclosure;• The People's response when the defendant raises
the missing discovery to the People [*3]pursuant to CPL §
245.50(4)(b);• Whether the belated or missing discovery was
"substantively duplicative, insignificant, or easily remedied".•
Whether the prosecution self-reported and took action without Court intervention;
and• Whether the delayed disclosure was prejudicial or
otherwise impeded the defense's ability to investigate or prepare for trial.CPL
§ 245.50(5)(b) clarifies that "the court's determination shall be based on consideration of all
factors listed in paragraph (a) of this subdivision and no one factor shall be determinative."
People v. Rhoomes, 2025 NY Slip Op 51315(U) (Kings County).
"Belated disclosures should not invalidate a Certificate of Compliance that was made in good
faith after the exercise of due diligence where the delay resulted from, for example, minor
oversights in the production of material, delayed discovery of the existence of certain items, or a
good faith position that the material in question was not discoverable." People v. Perez, 73 Misc 3d 171,
(Queens Co. Sup. Ct. 2021).
However, prior to conducting its analysis, the Court must first determine whether the 2025
statutory amendments apply to a case commenced in 2024. The Court concludes the amendments
are, in fact, applicable to this case.
When interpreting the retroactivity of a statute, courts must examine the Legislature's intent.
McKinney's Cons Laws of NY, Statutes § 92 (a); see also Riley v County of
Broome, 95 NY2d 455, 463 (2000). The Court therefore turns to the plain and unambiguous
language of the statute. People v
Galindo, 38 NY3d 199, 203 (2022).
Unlike the discovery amendments enacted in 2020, which provided only that "[t]his act shall
take effect January 1, 2020," the 2025 legislation specified the amendments shall "apply to all
criminal actions pending on [August 7, 2025]." This Court interprets "pending" to mean
undecided. Black's Law Dictionary (10th ed), pending.
The Court notes this case remains unresolved without a final disposition. People v.
Jefferson M.Q. 2025 NY Slip Op 25224.
Thus, this Court will apply the 2025 amendments to motions filed after August 7, 2025, even
if, as here, the People filed the CoC prior to that date. People v. Jefferson M.Q. 2025 NY
Slip Op 25224; see also People v. Rosario 2026 NY Slip Op 50363(U); People v.
Calvin Y 2025 NY Slip Op 51383(U).
i. Witness Contact Information
The Defendant maintains the People's failure to turn over contact information for Utica Fire
Department personnel who arrived on scene, as well as for a homeowner whom the complainant
approached while waiting for law enforcement to respond, renders their Certificates of
Compliance invalid.
The People undeniably did not turn over this information to the Defendant. Nevertheless, the
Court finds the lack of disclosure insufficient to invalidate the People's CoCs, and accordingly
affirms its prior decision finding these materials not discoverable.
Records concerning emergency personnel such as firefighters are discoverable only where
they were acting under police direction. People v. Ajunwa, 75 Misc 3d 1220(A), 2022 NY Slip Op.
50626(U). In other words, the police themselves must have summoned the emergency services.
People v. Rahman, 79 Misc 3d
129(A), 2023 NY Slip Op. 50692(U).
Here, the Defendant himself has repeatedly maintained the response by the Utica Fire
Department occurred due to a crash detection alert on the complainant's phone. Law enforcement
[*4]did not summon the Utica Fire Department. 
As to the contact information for the civilian whose home the complainant visited during the
alleged incident, the People have adequately established that law enforcement did not obtain this
individual's contact information, and it therefore the People did not have possession or
control.
Even if this Court considered the material discoverable, the Court is not convinced
invalidation of the People's CoC a proper remedy for the lack of disclosure. Pursuant to CPL
§ 245.50(1), "No adverse consequence to the prosecution or the prosecutor shall result from
the filing of a certificate of compliance in good faith and reasonable under the circumstances; but
the court may grant a remedy or sanction for a discovery violation as provided in section 245.80
of this article." Even so, the Court finds the People acted in good faith and with due diligence in
turning over discoverable matter to the Defense in this matter, and therefore imposing a sanction
would be inappropriate.
In applying the factors of CPL § 245.50(5)(a) to the case at hand, the Court finds the
People demonstrated diligent efforts to obtain and disclose discoverable material prior to the
filing of their CoCs. "The volume of discovery produced was substantial, the explanation for the
delayed disclosure was credible and promptly addressed, and the lapse was not due to bad faith or
willful neglect." People v. Williams, 2025 NY Slip Op 51308(U) (Tompkins
County).
While the People could have acted more prudently with additional pre-readiness and
post-readiness outreach, to the Court cannot deem this outreach as fatally unreasonable as
because the People produced extensive discovery before the § 30.30 deadline. People v.
Guevera 2025 NY Slip Op 51825(U) [87 Misc 3d 1238(A)].
Further, the People had a good faith belief that the items sought by the Defendant were not
discoverable, as ruled by this Court in its decision dated April 7, 2025. see also People v. Perez, 73 Misc 3d 171,
(Queens Co. Sup. Ct. 2021). The Court cannot fault the People for a belief in accordance with
this Court's ruling.
"While the discovery process was not flawless, the record does not suggest a wholesale
failure of diligence. Instead, it reflects the practical realities of an ongoing, and at times difficult,
process of information gathering." People v. Brown, 2025 NY Slip Op 51269(U) (Queens
County).
Moreover, the Defense has failed to establish that the belated disclosure of these items
"resulted in prejudice to the defense or otherwise impeded investigation of the case." People
v. Ortega, 2025 NY Slip Op 51249(U) (Bronx County). The Court is unpersuaded by the
Defendant's contention that the lack of disclosure prejudiced him, particularly given the fact that
the Defendant obtained the information himself, and now has it in his possession. The
Defendant's own CoC, filed January 15, 2026, contains the names and contact information for
multiple Utica Firefighters.
As such, the Court finds the People did employ good faith and due diligence in obtaining and
turning over all discoverable material when filing their CoCs, and any lack of disclosure did not
prejudice the Defendant. Therefore, the Defendant's motion to invalidate the People's Certificates
of Compliance is DENIED.
II. Motion to Preclude Text Messages
The Defendant also makes a motion in limine seeking an order from the Court precluding the
People from introducing post-incident text messages at trial between the complainant and the
Defendant. The Defendant argues the text messages cannot be properly authenticated, present
[*5]reliability and completeness concerns, and lack an adequate
chain of custody.
The People oppose the Defendant's motion, arguing the text messages can be properly
authenticated. In their affirmation, the People describe the method by which the text messages
were extracted from the complainant's phone, and assert both the complainant and the
investigator who assisted in extracting the messages can testify as to their authenticity.
Where a party files a motion in limine seeking to preclude evidence from being presented at
trial, the motion may be considered premature when the relevancy of such evidence may be
established at trial. Speed v. Avis Rent-A-Car, 172 AD2d 267 (1st Dep't 1991). Such a
motion should be granted only when the evidence is clearly inadmissible. United States v.
Clanton 2024 WL 5007419 (E.D. NY 2024). Otherwise, the motion is more appropriate as
an evidentiary objection at trial. United States v. Clanton 2024 WL 5007419 (E.D. NY
2024)
Therefore, a court considering a motion in limine may reserve its decision until trial.
United States v. Clanton, 2024 WL 5007419 (E.D. NY 2024); National Union Fire
Ins. Co. of Pittsburgh, Pa. v. L.E. Myers Co. Group, 937 F. Supp. 276, 287 (S.D. NY
1996).
At this point in time, the Court lacks sufficient knowledge as to the potential evidentiary
issues surrounding these text messages. As such, the Defendant's motion is premature.
Therefore, the Defendant's motion to preclude is DENIED. The Defendant may
renew his objection at trial.
As the Defendant previously waived his right to a trial by jury, a bench trial will commence
on May 29, 2026, at 9:00 A.M.
This constitutes the Decision and Order of the Court.

ENTER:Hon. F. Christopher GiruzziUtica City Court
JudgeDated: March 26, 2026